## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

      **vs.**                     **Case No. 2:10-CR-332**
                                      **Judge James L. Graham**
                                      **Magistrate Judge Preston Deavers**

**WILLIAM CONNER,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter came before the Court on February 23, 2011 for a hearing on Defendant's *pro se* Motion to remove his attorney and to appoint different counsel. On February 16, 2011, the District Judge referred this Motion to the undersigned for a Report and Recommendation.

As set forth on the record during the hearing, Defendant is of the opinion that his current attorney is prejudiced against him because of the type of crimes with which he has been charged, namely receipt of visual depictions involving the use of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant also indicates that his attorney wants him to review a certain video tape, which, as defense counsel explained, is crucial evidence against the accused if this case proceeds to trial. Defendant, however, refuses to view it, apparently because he does not think it is relevant.

The Court emphasized to Defendant that his attorney is the Federal Public Defender who has tried more cases of this type than anyone in the district. Moreover, the undersigned indicated

that the United States Constitution does not guarantee a defendant counsel of his choice.  Instead, the Sixth Amendment guarantees every criminal defendant the right to effective advocacy.  In this case, the Court assured Defendant that the performance of the attorney currently appointed to him would exceed merely effective representation and, indeed that he would provide excellent advocacy on Defendant's behalf.  The Court also stressed to Defendant that, despite any personal feelings that counsel may have regarding the facts of any case, his attorney had taken an oath to represent him zealously.

Despite the Court's admonitions, and defense counsel's expressions that he remains willing to continue on Defendant's behalf, Defendant persists in his position that he cannot cooperate with his current attorney.  Under the circumstances, the Court finds that the attorney-client relationship has irretrievably broken down.[1]  Accordingly, the undersigned **RECOMMENDS** that the Defendant's *pro se* Motion to remove his current attorney and appoint new counsel  be **GRANTED**.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

---

[1]      The United States took no position with respect to the Motion.

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


    */s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

**Date:  February 23, 2011**