IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM H. CONNOR,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:14-CV-00626
CRIM. NO. 2:10-CR-332
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On September 3, 2015, the Court denied the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on Petitioner's *Notice of Appeal*, which the Court construes as a request for a certificate of appealability. For the reasons that follow, the Court **DENIES** Petitioner's request for a certificate of appealability. (ECF No. 155.)

Petitioner asserts that he was denied a fair trial because he was clothed in jail garb and visibly shackled during trial, that his convictions on four counts of receipt of visual depictions of child pornography violate the Double Jeopardy Clause, and that he was denied the effective assistance of counsel based on his attorney's failure to object to prosecutorial misconduct and the search of his home. The Court dismissed Petitioner's claims as procedurally defaulted or without merit.

When a claim has been denied on the merits, a certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. §

2253(c)(2)).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' "  *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id*. at 485.  The Court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id*.

This Court concludes that Petitioner has failed to meet the applicable standard here. Accordingly, the Court **DENIES** Petitioner's request for a certificate of appealability.  (ECF No. 155.)

**IT IS SO ORDERED.**

        **/s/ Gregory L. Frost**
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**